UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MAYER SILBERSTEIN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CBE GROUP, INC.,<br><br>　　　　Defendant. | Docket No. 7:24-cv-4224<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

　　　　Plaintiff Mayer Silberstein ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant The CBE Group, Inc. ("Defendant or "CBE") individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendants' violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Sullivan.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), and can be served with process

in the State of Iowa at their main business address of 1309 Technology Parkway, Cedar Falls, IA 50613.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent a collection letter;

    c. attempting to collect a consumer debt;

    d. for a debt that was previously paid off; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before June 3, 2024.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The

principal issue is whether Defendants communications to consumers, similar in form to that attached as Exhibit B, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms **attached as Exhibit B** violate 15 U.S.C. §§1692d, 1692e, 1692f, and/or 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

      d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. At some time prior to February 17, 2023, Plaintiff allegedly incurred an obligation with Verizon Wireless ("Verizon").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Verizon is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

25. Upon information and belief, Verizon contracted with I.C. System, Inc. ("ICS") to collect the alleged debt.

26. Plaintiff settled the debt with ICS and a letter was received from ICS on May 16, 2023 indicating that the balance on Plaintiff's account ending in 0001 was now $0.00 based on the settlement. *See "Paid in Full Letter"* attached hereto as **Exhibit A**.

27. Upon information and belief, Plaintiff's Verizon account was settled and closed.

28. Upon information and belief, Verizon then contracted with Defendant to collect the alleged debt.

29. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. On June 3, 2023, Defendant sent Plaintiff a collection letter to collect on the same alleged debt. *See "Letter"* attached hereto as **Exhibit B.**

31. Defendant states, in relevant part:

    You had a account from Verizon Wireless with account number ***********0001.

    | | |
    |---|---:|
    | As of 02/17/23, you owed: | $118.82 |
    | Between 02/17/23, and today: | |
    | You were charged this amount in interest: | $0.00 |
    | You were charged this amount in fees: | $21.38 |
    | You paid or were credited with this amount toward the debt: | - $0.00 |
    | **Total amount of the debt now:** | **$140.20** |

32. The alleged debt that Defendant is attempting to collect from Plaintiff is the same debt that was previously settled with ICS.

33. Furthermore, this letter lacks any reference to the payment made to ICS.

34. Defendant knew or should have known that its actions violated the FDCPA. Defendant should have done its due diligence before collecting on a debt that was previously settled in full.

35. Defendant falsely misrepresented the character, status, and amount of Plaintiff's debt.

36. The deceptive and false information in Defendant's Letter confused Plaintiff and misled him to believe that the debt still existed.

37. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

38. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the existence of the alleged debt.

39. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

40. By deceptively misrepresenting the continued existence of the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

41. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

42. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

43. Defendant's attempt to unlawfully collect on a debt that was already settled in full is a direct violation of 15 U.S.C. § 1692f(1).

44. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

45. Given the previous settlement with ICS, this entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

46. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

47. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with

the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

48. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

49. Plaintiff was uncertain about the legitimacy of the Letter and misled to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the Letter to his detriment.

50. The receipt of this Letter, after Plaintiff had believed to have settled the debt, caused him to become extremely upset, as well as concerned that his previous payment was a scam and he would suffer further now having to pay the debt again as well as have his credit score harmed further.

51. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

52. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

53. Plaintiff was misled and made uncertain to his detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to his detriment.

54. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

55. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

57. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

58. Defendant violated §1692d:

    a. By attempting, to collect on a debt that was previously settled in full.

59. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

60. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated §1692e:

    a. By making a false and misleading representation/omissions in violation of §1692e(10).

64. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

68. Defendant violated §1692f:

    a. By unfairly attempting to collect on a debt that was previously paid; and

    b. By deceptively attempting to collect on a debt that was previously paid.

69. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

70. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

72. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

73. Defendant violated Section 1692g(a):

   a. Failing to properly provide the amount of the debt, by failing to reference that the debt was previously paid.

74. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Mayer Silberstein, demands judgment from Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5. For such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: June 3, 2024

/s/ Rami M. Salim
**Stein Saks, PLLC**
By: Rami M. Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
rsalim@steinsakslegal.com
*Attorneys for Plaintiff Mayer Silberstein*